UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Greg Wersal, individually;
Greg Wersal for Supreme
Court Committee, a judicial
Campaign committee and
Association,

Plaintiffs,

v.

MEMORANDUM OPINION
AND ORDER
Civil No. 00-2103 (MJD)JGL

Charles E. Lundberg, in his capacity
As Chair of the Minnesota Lawyers
Professional Responsibility Board, or
His successor; and Edward J. Cleary,
In his capacity as Director of the
Minnesota Office of Lawyers
Professional Responsibility or his successor,

Defendants.

---

Erick G. Kaardal and William F. Mohrman, Mohrman & Kaardal, P.A. for and on behalf of Plaintiffs.

Thomas C. Vasaly, Assistant Attorney General, State of Minnesota for and on behalf of Defendants.

---

This matter is before the Court upon the motion of Plaintiffs for a temporary restraining order, enjoining the Minnesota Lawyers Professional Responsibility Board ("Lawyers Board") and the Minnesota Office of Lawyers Professional Responsibility ("Office of Professional Responsibility") from investigating, enforcing and sanctioning against Greg Wersal based on Minnesota Code of Judicial Conduct Canon 5(A)(1)'s and 5(B)(2)'s ban on the Plaintiffs

FILED SEP 14 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD SEP 14 2000
DEPUTY CLERK

distributing certain articles that appeared in the Star Tribune and the St. Paul Pioneer Press.

## BACKGROUND

On August 23, 2000, the Star Tribune published an article that reported Greg Wersal had filed an ethical complaint against his opponent, Justice James Gilbert. The ethical complaint concerns a letter written by Justice Gilbert's campaign committee chairperson to the Editor of the Minnesota Lawyer. In relevant part, this letter discussed the fact that Wersal was endorsed by the Republican Party, and that the letter asked voters not to vote for Wersal. Wersal contends that the letter to the editor constituted an impermissible use of political party endorsements of judicial candidates.

On August 31, 2000, the St. Paul Pioneer Press published an article about the Gilbert and Wersal campaigns. This article reported, among other things, that the Republican Party endorsed Wersal.

On two separate occasions, Wersal requested an advisory opinion from the Office of Professional Responsibility on whether he could distribute the Star Tribune article and the St. Paul Pioneer Press article to other persons. He also inquired whether he could distribute such articles if they were redacted as to Wersal being endorsed by the Republican Party. On September 8, 2000, the Office of Professional Responsibility responded to Wersal's request for an advisory opinion. In this response, Director Edward Cleary wrote that Wersal's distribution of the referenced news articles would be a violation of Canon 5.

In their verified complaint, Plaintiffs argue that the above referenced Canons unconstitutionally infringe on his First Amendment Rights, and that his rights to Equal Protection under the Constitution are infringed because his opponent in the campaign for Associate Justice for the Minnesota Supreme Court may use the fact that Wersal has been endorsed by the Republican Party against Wersal, but that Wersal cannot use the Republican endorsement in his favor. This ethical complaint is currently pending before the Board of Judicial Standards.

Standard

To be entitled to injunctive relief, Plaintiffs must show (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. Dataphase Sys., Inc. v. C. L. Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981); accord Medtronic, Inc. v. Gibbons, 527 F. Supp. 1085, 1090 (D. Minn. 1981), aff'd, 684 F.2d 565 (8th Cir. 1982).

Analysis

The Defendants argue that this action is barred by the doctrine of res judicata. Pursuant to this doctrine, also referred to as claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." United States v. Gurley, 43 F.3d 1188, 1195 (8th Cir. 1994)(quoting Montana v. United States, 440 U.S. 147 (1979)). Preclusion was designed to promote judicial economy, by placing on the courts the positive duty to restrict needless relitigation of issues. Tyus v. Schoemehl, 93 F.3d 449, 453 (8th

Cir. 1996). Preclusion also protects defendants, "by relieving them of the expense and vexation attending multiple lawsuits." Id. at 454 (quoting Gurley, at 1197). Before preclusion will be applied, however, "the party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir. 1998)(quoting In re Anderberg-Lund Printing Co., 109 F.3d 1343, 1346 (8th Cir. 1997)).

In 1998, Plaintiffs filed a complaint, arguing *inter alia*, that Minnesota Code of Judicial Conduct Canon 5(A)(1)'s and 5(B)(2)'s ban on the use of political party endorsements by judicial candidates violates Plaintiffs' free speech and associational rights. After extensive briefing by the parties, this Court dismissed Plaintiffs' claims on summary judgment, finding that the Codes of Judicial Conduct banning judicial candidates from using political party endorsements did not violate the free speech and associational rights of the Plaintiffs. Republican Party of Minnesota v. Kelly, 63 F.Supp.2d 967 (D. Minn. 1998). Plaintiffs' appeal of this order is pending.

Plaintiffs attempt to distinguish this case from the prior case on the basis that the prior case was a "facial" challenge to the Canons at issue and that this case is an "as-applied" challenge. Plaintiffs further assert that this action requests relief that was not contemplated in the prior action. The Court rejects these arguments in their entirety.

Despite Plaintiffs attempts, this case raises an issue that was fully litigated in the prior action – whether proscribing the use of political party endorsements

infringes on First Amendment rights to free speech. The fact that this action is based upon a certain use not specifically discussed in the prior action does not alter the constitutional analysis. That analysis was done in the prior action, and Plaintiffs must await the Eighth Circuit's determination of their appeal.

Instead , Plaintiffs have chosen to file not one, but two federal actions that challenge this Court's prior decision even though these same issues are currently before the Eighth Circuit Court of Appeals. Earlier this summer, Plaintiffs attempted to litigate an "as-applied" challenge to Canon 5(B)(2), arguing that the ban on using political endorsements violates their freedom of speech. Judge Magnuson dismissed that action on the basis of res judicata. Memorandum and Order, Civil File No. 00-1695 (D. Minn. 2000)(Magnuson J.). In his Opinion, Judge Magnuson also disagreed with Plaintiffs' assertion that a "facial" challenge is distinguishable from an "as-applied" challenge. Id. at 3, n. 1. More importantly, in dismissing the action, Judge Magnuson wrote:

> Although res judicata precludes this Court from reaching the merits of Plaintiffs' claim, this Court feels compelled to comment that because of Judge Davis's thorough disposition of this claim in the prior action, the issue raised herein simply cannot ever again be litigated.

Id. at 6 (emphasis added).

Based on Judge Magnuson's ruling, this Court is simply astounded that Plaintiffs would again attempt to challenge the constitutionality of the Judicial Canons in the District Court while these exact issues have already been adjudicated by this Court and are currently before the Eighth Circuit on appeal.

This action, like the one before Judge Magnuson, is barred by res judicata.

There is also no merit to Plaintiffs' equal protection claim. Wersal has filed an ethical complaint against Justice Gilbert, which is currently pending before the Board of Judicial Standards. However, until the Board issues a ruling, Plaintiffs cannot show that Justice Gilbert is treated differently, or more favorably, than Wersal.

Because Plaintiffs' claims are barred by the doctrine of res judicata, Plaintiffs' request for injunctive relief must be denied and this action dismissed with prejudice.

Rule 11 Sanctions

Rule 11 of the Federal Rules of Civil Procedure provides that by presenting a pleading to the Court, an attorney is certifying that to the best of their knowledge, information and belief, such pleading has not been filed for any improper purpose, such as harassment or to cause unnecessary delay or needless increase in the cost of litigation. Fed. R. Civ. P. 11(b)(1). Violation of this provision may result in sanctions. Fed. R. Civ. P. 11(c). A court, on its own initiative, may enter an order describing the specific conduct that appears to violate subdivision (b) and direct attorneys to show cause why they have not violated subdivision (b). Fed. R. Civ. P. 11 (c)(1)(A).

Based on this Court's 1998 ruling, and Judge Magnuson's July 2000 ruling, this Court believes that Plaintiffs and their counsel may have filed this lawsuit for

an improper purpose. If this Court finds that such a violation has occurred, sanctions will be imposed, including, but not limited to, monetary sanctions.

IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion for a Temporary Restraining Order is DENIED.

2. Plaintiffs' Complaint is DISMISSED WITH PREJUDICE.

3. Plaintiffs and their counsel are hereby ordered to appear before this Court on October 10, 2000, at 9:00 a.m. to show cause why the filing of this lawsuit was not for an improper purpose as contemplated by Rule 11 of the Fed. R. Civ. P. Plaintiffs shall file a brief in support of their position by Friday, September 22, 2000. Defendants may file a responsive brief by Friday, September 29, 2000.

4. In the event Plaintiffs file any subsequent lawsuit against the Defendants named herein, challenging the constitutionality of Canon 5 of the Minnesota Codes of Judicial Conduct, the Clerk of Court is directed to assign such case to the undersigned.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: 9-14-00

Michael J. Davis

Judge Michael J. Davis
United States District Court

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd